IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAL ALGIERI, :
      Plaintiff :
       :
v. : 3:CV-05-2309
       : (VANASKIE, C.J.)
JOHN P. LAVELLE, ROBERT J. :
CONWAY, KENNETH SEAMANS, :
EDWARD BIESTER, A.G. HOWELL, :
BONNIE P. LEWIS, WENDALL KAY, :
JAMES EDGAR BROWN, :
      Defendants :

## ORDER

November 29, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Salvatore Algieri, proceeding pro se, filed this action against judicial officers, attorneys, and a child custody master involved in his child's custody and protection from abuse proceeding. (Compl., Dkt. Entry 1 at 1-5.) A previous complaint by Plaintiff concerning this matter was dismissed by this Court on September 13, 2004. Algieri v. Conway, No. 3:CV-03-1838 (M.D. Pa. September 13, 2004).

In a jumbled complaint, Plaintiff now asserts that ex parte conversations took place between the Defendants before the child custody proceeding. Plaintiff claims this violated his

civil rights and seeks money damages from the Defendants pursuant to 42 U.S.C. §§ 1983.[1]  In addition to his complaint, Plaintiff also filed a motion to proceed in forma pauperis.  (Dkt. Entry 2.)  The complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2).  This Court will dismiss Algieri's complaint because he fails to state a claim upon which relief may be granted.

On October 17, 2003, Algieri initiated an action against several judicial officers, a court-appointed master, a court-appointed guardian ad litem, Algieri's ex-wife, her husband, Algieri's attorney, and opposing counsel involved in the child custody and protection from abuse proceedings involving Algieri's daughter.  As stated earlier, this Court dismissed the complaint on September 13, 2004.  Algieri v. Conway, No. 3:CV-03-1838 (M.D. Pa. September 13, 2004).  Plaintiff brought the present action purportedly after learning from his daughter on May 13, 2005 about an in-chambers conversation between Judge John P. Lavelle, opposing attorney Alfred G. Howell, the court-appointed guardian ad litem, Wendell Kay, and his daughter prior to the child custody hearing.  (Compl., Dkt. Entry 1 ¶¶ 3-4.)  Judge Lavelle allegedly

---

[1] Plaintiff's complaint actually cites civil rights violations under 42 U.S.C. §§ 1983-1986.  Section 1983, however, most accurately reflects Plaintiff's claim of a "violation of his Civil Rights - perpetrated under color of state law."  (Compl., Dkt. Entry 1 at 2.)  The other sections cited are not applicable to Plaintiff's claim.  Section 1984 has been omitted.  Sections 1985(3) and 1986 concern conspiracies by persons based on racial or other class-based discriminatory animus.  Plaintiff has not alleged a conspiracy by defendants motivated by racial or other class-based discriminatory intent.

instructed Plaintiff's daughter to follow the advice of Howell and Kay.  (Id. ¶ 3.)  In Plaintiff's own words, this harmed him because:

> Judge Lavelle, gave a 14 year old the right to DO AS SHE DAMN WELL PLEASED, AND AT ANY TIME, AND THAT THE COURT WOULD TAKE NO ACTION AGAINST HER OR HER MOTHER, STATING THAT SHE DID NOT HAVE TO SPEND ANY TIME WITH HER FATHER IF SHE DIDN'T WANT TO, THIS VIOLATED MY RIGHTS AS A FATHER.
>
> THE ABOVE WAS DONE AS REVENGE AGAINST THE PLAINTIFF.
>
> This violated the father's rights under the JOINT Custody law.

(Id. ¶¶ 6-8)(emphasis in original.)  In addition, Plaintiff believes Judge Lavelle showed bias against him when he refused to hear motions for contempt against Plaintiff's wife and by deferring to Plaintiff's wife on how she would like to be referred to in court.  (Id. ¶¶ 9-10.) Plaintiff further alleges violations of the Pennsylvania's Right-to-Know Law because he could not obtain copies of hearing tapes from the custody proceeding.  (Id. ¶¶ 13-15.)

Plaintiff also raises civil rights violations against Judge Robert Conway (for alleged prejudice against Plaintiff); Judge Kenneth Seamans (for recusing himself); District Justice Bonnie Lewis (for issuing an allegedly illegal restraining order); and Judge Edward Biester (for having an ex parte conversation with Judge Conway, attorney Howell, and guardian ad litem Kay).  (Id. ¶¶ 12, 21-22.)

Plaintiff attached to the Complaint under consideration a photocopy of his October 17,

3

2003 complaint, suggesting he wished to re-litigate those claims as well.  Plaintiff's claims are based on the Civil Rights Act, 42 U.S.C. §§ 1983, but he also claims diversity jurisdiction.[2] (Civil Cover Sheet, Dkt. Entry 1, at 1.)  He seeks one million dollars from each of the defendants.  (Compl., Dkt. Entry 1 ¶ 23.)

Because Plaintiff has moved to proceed in forma pauperis, this Court has authority to dismiss the action if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  This Court is convinced that dismissal of Plaintiff's complaint is warranted.

First, the judicial defendants (Judges Lavelle, Conway, Seamans, and Biester as well as District Justice Lewis) are cloaked with absolute judicial immunity.  A judicial officer enjoys immunity from suit when he or she has jurisdiction over the subject matter and is performing a "judicial act."  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  A "judicial act" is defined as an action normally performed by a judge and where the parties deal with the judge in his or her judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Immunity applies even if the action

---

[2] Section 1983 redresses deprivations of Federal rights, privileges, or immunities secured by the Constitution and laws.  Many of Plaintiff's allegations appear to be based on deprivations of state rights, such as Pennsylvania's Open Record Law.  These claims are not actionable under § 1983.  Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000)("Section 1983 is not a source of substantive rights and does not provide redress for common law torts – the plaintiff must allege a violation of a federal right.").  Plaintiff, nonetheless, does seem to be claiming due process violations under the Fourteenth Amendment, which may be remedied under § 1983.

was taken in error, done maliciously, or was in excess of a judge's authority. Id. at 356-357. Judicial immunity applies even if the action was allegedly performed as the result of a conspiracy. Dennis v. Sparks, 449 U.S. 24, 26 (1980).

Algieri's complaint is limited to actions or decisions made by the named judicial officer defendants in their judicial capacities. He complains of decisions and conversations relating to the child custody proceeding. Such decisions and conversations, even ex parte, are within the jurisdiction of the judicial officers, and they are therefore entitled to dismissal on grounds of judicial immunity. See Stump, 435 U.S. at 363 n.12.

Also entitled to dismissal on grounds of judicial immunity is the child custody master (James Edgar Brown) and the guardian ad litem (Wendall Kay). In Hughes v. Long, 242 F.3d 121, 127-28 (3d Cir. 2001), the court held that court-appointed experts that assist in the fact-finding process in child custody determinations are entitled to judicial immunity. In the course of its ruling, our Court of Appeals recognized that a guardian ad litem, because of the intimate relationship he or she has with the court, is entitled to judicial immunity. Id. This rationale would apply equally with respect to court-appointed child custody masters, such as Brown. Accordingly, defendants Brown and Kay are entitled to dismissal on grounds of judicial immunity.

As to the remaining named defendant, Attorney Howell, the Complaint is devoid of averments of a sustainable claim. Algieri's only allegation concerning Atty. Howell is that he

participated in ex parte conversations in violation of Plaintiff's civil rights.  Algieri, though, has not alleged facts from which it may be inferred that Howell took any action under the color of state law so as to support an action under 42 U.S.C. § 1983.  "To make out a prima facie case under 42 U.S.C. §1983, the plaintiff must demonstrate that a person, acting under color of law, deprived him of a federal right."  Marran v. Marran, 376 F.3d 143, 155 (3d Cir. 2004).  The actions attributable to Atty. Howell were not taken pursuant to authority vested in him by the Commonwealth of Pennsylvania.  Accordingly, Algieri has not presented a basis for a viable federal law claim.

Algieri is obviously disappointed with the outcome of the custody proceeding.  Disagreement with the state court's decision, however, does not make for a viable civil rights claim under 42 U.S.C. § 1983.  Plaintiff has failed to present an actionable claim against any defendant.

**ACCORDINGLY,** for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1. The above-captioned matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

2. The Clerk of Court is directed to mark this matter **CLOSED.**

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania
